NO. 07-01-0411-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 4, 2002


______________________________



REBECCA LYNN WILSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 258TH DISTRICT COURT OF TRINITY COUNTY;



NO. 8469; HON. ELIZABETH E. COKER, PRESIDING


_______________________________



Before QUINN, REAVIS, and JOHNSON, JJ. 

 After a jury trial, appellant Rebecca Lynn Wilson was convicted of the offense of
aggravated sexual assault of a child. Punishment was assessed by the jury at life in the
Texas Department of Criminal Justice Institutional Division. Appellant timely filed her
notice of appeal. 

 Appellant's appointed counsel has filed a motion to withdraw, together with an
Anders (1) brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellant's appeal is without merit. Along with his brief, he has filed a copy
of a letter sent to appellant informing her of counsel's belief that there was no reversible
error and of appellant's right to appeal pro se. By letter dated March 8, 2002, this court
notified appellant of her right to file her own brief or response by March 28, 2002, if she
wished to do so. The latter date has passed without the filing of either a motion for
extension or a response. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
each phase of the trial including 1) the indictment, 2) hearing on pre-trial motions, 3) voir
dire, 4) legal and factual sufficiency of the testimony at trial and 5) the jury charge for both
guilt/innocence and punishment phases of the trial. At each phase, counsel discussed the
applicable law and analyzed the evidence according to that law. Upon his final analysis,
counsel determined no reversible error existed. Thereafter, we conducted our own review
of the record to assess the accuracy of appellate counsel's conclusions and to uncover
any error, reversible or otherwise, pursuant to Stafford v. State, 813 S.W.2d 503 ( Tex.
Crim. App. 1991) and concluded that only one area bears comment. That area pertains
to the videotape testimony of the child victim pursuant to article 38.071 of the Texas Code
of Criminal Procedure. Appellate counsel discussed objections made by trial counsel
regarding the victim's means of testifying whose objections were 1) it violated appellant's
constitutional right to cross examine the State's witnesses and 2) the videotape contained
extraneous offenses that violated Rules 401 and 403 of the Texas Rules of Evidence. In
reviewing the applicable law and the record before us, we determine that the videotaped
testimony was permitted by article 38.071 which allows testimony of a child who is a victim
of an offense by video or oral recording. And, we find that the trial court conducted the
proper hearing and made the proper findings to allow the presentation of the victim's
testimony pursuant to that article. Because article 38.071 sets out the precise procedures
required in order for a child victim to present testimony through different means other than
in a courtroom, it has been determined that a defendant's constitutional right to confront
his accusers has not been violated when these procedures have been followed and it has
been determined that in court testimony would cause psychological trauma to the child.
See Marx v. State, 987 S.W.2d 577, 580 (Tex. Crim. App. 1999), cert. denied 528 U.S.
1034, 120 S.Ct. 574, 145 L.Ed.2d 436 (1999). Moreover, appellant's counsel was present
during the victim's testimony and he was allowed to confer with appellant in another room
and conduct a cross examination of the witness. 

 In regards to counsel's objection based on the videotape containing extraneous
offenses, we find that such evidence is permissible under article 38.37 of the Texas Code
of Criminal Procedure. Furthermore, we find from the record that the trial court performed
the balancing test required by Rule 403 of the Texas Rules of Evidence in determining that
the probative value of the evidence was not outweighed by their prejudicial effect. Tex.
R. Evid. 403. Therefore, we agree with appellate counsel that no reversible error occurred
in the introduction into evidence the victim's videotaped testimony. 

 As previously stated, we conducted our own review of the record to determine the
accuracies of appellate counsel's conclusions. Our findings failed to reveal any error as
previously represented by appellate counsel. 

 Accordingly, the motion to withdraw is granted and the judgment is affirmed. 

 


 Brian Quinn 

 Justice 

Do not publish. 
1. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).